IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN EVERETT KELSEY,

       Plaintiff,                     No. CIV S-07-0665 MCE EFB P

     vs.

ARNOLD SCHWARZENEGGER, et al.,

       Defendants.          ORDER

_____/

     Plaintiff, a prisoner without counsel, has filed a complaint alleging civil rights violations. *See* 42 U.S.C. § 1983. He has submitted an affidavit requesting leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

     Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." Plaintiff has not submitted the required trust account statement. He is ordered to do so within 30 days.

////

Plaintiff has also requested that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

On April 6, 2007, plaintiff filed a motion for a preliminary injunction. The court is without authority to issue injunctions against non-parties. Defendants named in the complaint are not parties to this action until the complaint is screened and served on the defendants. More importantly, plaintiff has not shown the requisite merit (either probable success on the merits or, at a minimum, that serious questions have been raised) to meet the standards for a preliminary injunction. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979).

Before the court will screen the complaint, plaintiff must first either pay the required filing fee or file a completed application requesting leave to proceed in forma pauperis. *See* 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying relief until an action has been properly commenced. Therefore, plaintiff's motion will be denied without prejudice. Plaintiff will be provided the opportunity to submit a certified trust-account statement for the six-month period prior to filing his complaint in this action or to submit the appropriate filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has 30 days from the date this order is served to submit the required trust account statement. Failure to comply with this order will result in a recommendation that this action be dismissed.

2. Plaintiff's April 6, 2007, motion for appointment of counsel is denied.

////

////

3.  Plaintiff's April 6, 2007, motion for a preliminary injunction is denied without prejudice.

Dated: May 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE