IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN EVERETT KELSEY,

      Plaintiff,                            No. CIV S-07-0665 MCE EFB P

      vs.

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.                      ORDER

_____/

      Plaintiff is a prisoner, without counsel, prosecuting this civil rights action in forma pauperis. *See* 42 U.S.C. § 1983. The case was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On May 15, 2007, the court instructed plaintiff to file a certified copy of his trust account statement for the six-month period preceding the filing of his complaint. Plaintiff has complied with that order.

      Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

      Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

1  The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the
2  following reasons, finds it fails to state a claim for relief.
3  To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant
4  deprived plaintiff of a right secured to him by the Constitution or laws of the United States while
5  acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).
6  Plaintiff has named Governor Schwarzenegger, the Secretary-Director of the California
7  Department of Corrections, and the Warden of the California Correctional Center as defendants
8  in this action, but he has failed to specifically state charging allegations against them.  To state a
9  claim against a supervisor who did not personally inflict the injury alleged, plaintiff must allege
10 that the supervisor (1) caused others to act, or knowingly refused to stop them from acting,
11 knowing or having reasonable cause to know they would inflict injury; (2) approved such
12 conduct and injury after the fact; or (3) so failed to train or control subordinates to avoid such
13 injury as to demonstrate reckless or callous indifference to constitutional injury.  *Redman v.*
14 *County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc); *Taylor v. List*, 880 F.2d
15 1040, 1045 (9th Cir. 1989); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989); *Johnson v.*
16 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also Jones v. Williams*, 297 F.3d 930, 937 & fn. 4
17 (9th Cir. 2002).
18 To proceed, plaintiff must file an amended complaint.
19 Any amended complaint must show that the federal court has jurisdiction and that
20 plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's
21 allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a
22 defendant only persons who personally participated in a substantial way in depriving plaintiff of
23 a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person
24 subjects another to the deprivation of a constitutional right if he does an act, participates in
25 another's act or omits to perform an act he is legally required to do that causes the alleged
26 deprivation).

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the amended complaint, which must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files

////

////

3

1  an amended complaint stating a cognizable claim the court will proceed with service of process
2  by the United States Marshal.
3  Dated:  December 5, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4